Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Presiding Justice, William R. Day of Ohio, Justice of Supreme Court.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

This Term began October 2, 1922.

---

### RULES OF COURT
#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

#### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 80 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

---

## No. 140

### UNITED STATES v. L. S. & M. S. RY. CO., et al.
### U. S. Court of Appeals, Sixth Circuit

MONOPOLIES—(1) Jurisdiction retained—(2) Discretion of trustee—(3) Agreement to dispose of stock illegal.

### EPITOMIZED OPINION

PER CURIAM:

The court had heretofore found that an illegal combination existed, and had ordered it dissolved, retaining jurisdiction to make further orders to carry the decree into effect. Companies owned each others' stock. The defendant, in an attempt to comply with the order, deposited stock of another company to secure bonds outstanding. The trustee in bond mortgage was to dispose of this stock as directed by the defendant. The mortgage vested in trustee's discretion as to releasing items held as security. Held:

1. The condition that the securities should be disposed of as directed by the defendant·is illegal and void, as it retains control in violation of the order that they be sold.

2. The vesting in trustee of discretion as to selling is reasonable.

3. If said securities are not sold by said trustee to persons approved by the court, the court will appoint a receiver to make sale to persons who will satisfy the court. The order dissolving the combination will be carried out.

## No. 141

### GRABLE, et al, v. KILLITS, District Judge
### SAME v. BACON BROS. CO.
### U. S. Circuit Court of Appeals, Sixth Circuit
### Nos. 3713, 3725, June 9, 1922

For Full Opinion See 282 Fed. 185

COURTS (1) No jurisdiction to enforce lien, without personal service—(2) Special appearance—(3) When motion is not a general appearance—(4) To contest question of interest—(5) Amendment of motion to set aside service, is not—(6) Mandamus, instead of slow process of appeal—(7) Lease, extinguishment of purchase money—(8) No recession of contract, without personal jurisdiction.

---

### EPITOMIZED OPINION

KNAPPEN, Cir. J.:

Bacon Bros. brought a suit against Grable, individually, and grand president of the United Brotherhood of Maintenance of Way, and other labor unions, whereby a factory for the manufacture of mittens and various other clothes was sold and leased. The unions were to handle the output through what was known as their co-operative department. The company claimed that they had broken their contract; and that they owed considerable money. Suit was brought for the appointment of a receiver, and an injunction against the disposing of.the property and to establish a manufacturer's lien and a purchase money lien. The defendants were all non-residents of the Northern District of Ohio, and service was attempted to be had under section 1039 U. S. Judicial Code. The defendant's move to dismiss on account of lack of jurisdiction appearing specially only. This, as well as a motion to dissolve the receivership and injunctions was overruled. A move to dismiss the bill was also overruled. In each motion he continued to protest that he was appearing to object to the jurisdiction. After these motions were overruled, Grable brought a suit in mandamus against the district judge, to dismiss the receivership and for injunction. Held:

1. Section 1039 Judicial Code does not authorize the service for personal judgment for deficiency after lien on property exhausted.

2. A special appearance to object to jurisdiction from the entrance of an appearance.

3. A motion seeking dissolution of receivership and injunction is not a general appearance, even after motion is brought, when necessary, does not account for a general appearance.

4. An entry of an appearance for a question of intent implied and where the moving party makes a claim that his objection to jurisdiction over him will not amount to a general appearance.

5. Amendment of a motion to set aside service will not constitute a general appearance nor a defense on the merits after an erroneous refusal for the court to set aside service does not waive the objection to jurisdiction.

6. When circuit court of appeals is proceeding to issue a mandamus to compel vacation of receivership orders, the defendants need not wait for slow process of an appeal for relief from invalid orders.

7. Where vendor had unpaid purchase money due

(Continued on Page 203)

# OHIO FEDERAL DISTRICT COURTS

## Districts, Judges, Officers, Proceedings and Opinions

## DISTRICT COURTS of U. S.

The State of Ohio, with reference to these courts, constitutes two judicial districts, known as the Northern District of Ohio, and the Southern District of Ohio.

These two districts have two divisions each, known and comprised by counties, as follows:

**NORTHERN DISTRICT:**

### Cleveland, Youngstown, Toledo

**Eastern Division**—Ashland, Ashtabula, Carroll, Columbiana, Crawford, Cuyahoga, Geauga, Holmes, Lake, Lorain, Mahoning, Medina, Portage, Richland, Stark, Summit, Trumbull, Tuscarawas and Wayne.

**Western Division**—Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca, Van Wert, Williams, Wood and Wyandot.

**SOUTHERN DISTRICT:**

### Cincinnati, Dayton, Columbus

**Eastern Division** — Athens, Belmont, Coshocton, Delaware, Fairfield, Fayette, Franklin, Gallia, Guernsey, Harrison, Hancock, Jackson, Jefferson, Knox, Licking, Logan, Madison, Meigs, Monroe, Morgan, Morrow, Muskingum, Noble, Perry, Pickaway, Pike, Ross, Union, Vinton and Washington.

**Western Division**—Adams, Brown, Butler, Champaign, Clark, Clermont, Clinton, Darke, Green, Hamilton, Highland, Lawrence, Miami, Montgomery, Preble, Scioto, Shelby and Warren.

### JUDICIARY, PLACES AND TERMS OF COURT

**NORTHERN DISTRICT:**

Judges — D. C. Westenhaver, Cleveland; John M. Killets, Toledo.

Clerk—Bertrand C. Miller, Federal Building, Cleveland.

Chief Deputy—Fred T. Denzler.

District Attorney—Edwin S. Wertz, Cleveland.
Assistants—Joseph C. Breitenstein, B. W. Henderson, G. J. Pilliod, for Cleveland—Geo. Effler, Geo. E. Reed, for Toledo.

U. S. Marshal—George W. Stauffer, Ottawa.

Chief Deputy—O. Krichbaum
Deputies—H. D. Lingefelter, A. L. Gibson, D. C. Mahon, Chas. E. Pierce, Robt. S. Gawne, for Cleveland—Geo. R. Weeks, Elmer Flick, John L. Cass, Robert Neill, for Toledo.

Deputies—O. Kirchbaum, Norma Lapp, E. J. Dolan, Cleveland; Arthur J. Christy, S. W. Frankowski, Toledo.

**Terms of Court. Eastern Division—**

**At Cleveland.** First Tuesday in February, April and October.

**At Youngstown.** First Tuesday after the first Monday of March.

Any suit brought in Eastern Division may be tried at Youngstown term, which is a trial term only. All filings in cases transferred to Youngstown term may be made at Cleveland, except during Youngstown term.

Present term at Cleveland began September 9; at Youngstown—

**Western Division—at Toledo—**

On the last Tuesday in April and October;

Both divisions have the same set of officers.

The Clerk and Marshal each has an office and deputies in regular attendance, at both Cleveland and Toledo.

**SOUTHERN DISTRICT:**

Judges—John E. Sater, Columbus; John W. Peck, Cincinnati.

Clerk—Boyd E. Dilley, Cincinnati; Harry F. Rabe, Cincinnati, Chief Deputy.

District Attorney—James R. Clark, Cincinnati.
Assistants—Thomas Morrow, Allen C. Roudebush, Richard T. Dickerson, Cincinnati; Wiliam J. Ford, Richard T. Dickerson, Columbus.

**Terms of Court—Eastern Division—**
At Columbus, on the first Tuesday of June and December.
At Dayton, on the first Monday in May and November.

Any suit that may be brought in the Southern District may be instituted, tried and determined at Dayton term.

**Western Division—**At Cincinnati, on the first Tuesday in February, April and October.

Both divisions have the same set of officers, but the Clerk and Marshal each has an office and deputies in regular attendance in both Columbus and Cincinnati.

No New Opinions This Week

### Notice to the Bar

1. Cases must be ordered for trial not less than thirty days before the first day of the term.

2. A list of all cases thus ordered for trial shall be printed by the clerk, and a copy thereof shall be sent to each counsel of record, at least five days before the preliminary call, with notice of the time when the call will take place. Failure to receive the copy or notice will not excuse counsel from attending the call.

3. In order to enable the Court properly to prepare a day by day calendar, a preliminary call of the entire list will be had at a time to be notified as above provided. The Court will understand that cases not then answered to are ready for trial upon any day that may be designated.

Application for continuance, and all other applications affecting the list, of which at least twenty-four hours' notice must be given to opposing counsel, must be made upon this call, and not afterwards, except for reasons thereafter arising.

4. After the call is finished, the day by day calendar for the term will be prepared, and a copy thereof immediately sent to each counsel of record, but a failure to receive such copy will not be a ground for a continuance.

## U. S. COMMISSIONERS

**Northern District**
Akron—Dow W. Harter.
Canton—Julius Whiting, Jr.
Cleveland — J. B. Waterworth, Otto J. Zinner E. J. Hopple.
Toledo—Frank C. Crane, W. Gaines.
Youngstown—Clifford M. Wood-side.

**Southern District**
Bellefontaine—J. E. West.
Chillicothe—L. E. Evans. ·
Cincinnati—E. M. Hurley, T. M. Gregory.

Columbus—Henry Gumble, F. J. Wright.
Dayton—C. W. Levy.
Gallipolis—H. C. Johnston.
Ironton—Thos. A. Jenkins.
Marietta—T. J. Summers.
Portsmouth—John F. Johney.
Springfield—F. A. Johnston.
Steubenville—W. D. Miller.
Zanesville—F. F. Frazier.
Washington C. H.—A. C. Patton.
Steubenville—C. A. Vail.
Zanesville—E. R. Myer.
Eaton—A. M. Crisler.

### PRESERVE EVERY ABSTRACT

It is our advise to every subscriber to The Abstract, that they carefully preserve their back numbers. At the end of each six months they can be bound into semi-annual volumes, or each year's output can be made into an annual volume. Index, Tables of Cases, etc.; will be furnished, so as to make the volumes render their owners the best of service. Persons who keep read up, upon this line of legal literature, will frequently wish to re-read some case, to refresh their recollection, or to see if it is applicable to some situation in which they have become interested, and to perform this function, as well as others, it is best that the volumes be bound inexpensively at least.

We furnish all current subscribers, who ask for them, with the back numbers, to the date of their subscription. We have been preserving 500 copies only for this service, and at the rate new subscribers are coming in, this supply will be exhausted before long. When they are gone, there will be no back parts for new subscribers, as reprinting will be too expensive to warrant it.

Our present plan of arranging the cases, compacting them, favors assembling of the case law pages into volumes, and unless you are willing to run the risk of being able to replace copies you may miss or lose, get your subscription in now, and take good care of every number you receive.

## STATE SUPREME COURT

### Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO

### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.

Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.

Clerk—Seba H. Miller, Springfield.

Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.

Regular Term—First Tuesday after first Monday of January, at Columbus.

Reporter—John W. L. Henney, Columbus; Bell.

Assistant Reporters—Clinton Collins, H. L. Connett, Columbus.

### LAW LIBRARY

Librarian—John W. Shaw, Troy.

Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

## SUPREME COURT

### NEW CASES FILED

#### January 29, 1923

17834—Erie R. R. Co. v. Martin Kirkendall; Cuyahoga county; motion to certify record. Attorneys for plaintiff, Cook, McGowan, Foote, Bushnell and Lamb; for defendant, Cott, Chamberlain, Bloomfield and Henderson.

17835—The Paddock Hodge Co. v. the Park and Pollard Co.; Lucas county; motion to certify record. Attorneys for plaintiff, Eugene Rinefrank; for defendant, Marshall and Fraser, both of Toledo.

#### January 30, 1923

17836—Grace L. Myers, formerly Grace L. Benedict v. the John Hancock Mutual Life Insurance Co. of Massachusetts; Hamilton county; petition as of right. Attorneys for plaintiff, Harman, Colson, Goldsmith and Handley; for defendant, Mallon, Vordenberg, Cincinnati; Vorys, Sater, Seymour and Pease, Columbus, O.

17837—The State of Ohio ex rel Geo. S. Hawke v. Robert A. LeBlond as presiding judge of the Common Pleas Court of Hamilton County; in mandamus. Attorney for plaintiff, Geo. S. Hawke; for defendant, not known.

#### January 31, 1923

17838—Geo. D. Meeker et al v. John K. Sckudder et al; Hamilton county; motion to certify record. Attorney for plaintiff, Smith W. Bennett, Columbus, O., and Pogue, Hoffheimer and Pogue, Cincinnati, for defendant, C. C. Crabbe, Herbert D. Mills and Wm. J. Meyers, all of Columbus, O.

17840—Emil Sauer v. John B. Downing; Meigs county; motion to certify record. Attorneys for plaintiff, Peoples and Peoples, Pomeroy, O., and Hogan, Hogan and Hogan, Columbus, O.; for defendant, D. H. Armstrong, Columbus; Fred W. Crow, Pomeroy, O.; H. Stewart, Middleport, O.

#### February 1, 1923

17841—Claude Wyant v. Emma Russell; Lucas county; motion to certify record. Attorney for plaintiff, Claude Wyant, Steubenville, O.; for defendant, Marshall and Fraser, Toledo, O.

17842—Fred G. Cox v. Murtice Cox; Hamilton county; motion to certify record. Attorneys for plaintiff, Hicks and Hicks and J. Q. Martin, Cincinnati, O.; for defendant, not known.

#### February 2, 1923

17843—Warren Carlin v. Wallace Eastman; Crawford county; motion to certify record. Attorneys for plaintiff, Charles Gallinger and J. W. McCarren, Bucyrus, O.; for defendant, Edward Vollrath and W. J. Schwenck, Bucyrus, O.

#### February 3, 1923

17844—Charles E. Maarqua v. Carolyn P. Martin; Hamilton county; motion to certify record. Attorneys for plaintiff, Freiberg and Georghegan, Cincinnati; for defendant, J. Q. Martin and Hicks and Hicks, Cincinnati, O.

---

### SUPREME COURT OF OHIO

#### Tuesday, February 6, 1923

#### GENERAL DOCKET

17399—The London & Lancashire Indemnity Co. of America v. Board of County Commissioners of Columbiana County et al.; error to the court of appeals of Columbiana county. Judgment affirmed. Marshall, C. J., Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

17400—The Aetna Casualty & Surety Co. v. Board of County Commissioners of Columbiana et al.; error to the court of appeals of Columbiana county. Judgment affirmed. Marshall, C. J., Wanamaker, Robinson, Jones, Mattthias, Day and Allen, JJ., concur.

17402—Joseph Oschsner, Admr., v. the Cincinnati Traction Co.; error to the court of appeals of Hamilton county. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

17562—The Hocking Valley Railway Co. v. the Public Utilities Commission of Ohio, et al.; error to the Public Utilities Commission. Order affirmed. Marshall, C. J., Wanamaker, Robinson, Jones and Matthais, JJ., concur. Day and Allen, JJ., took no part in the consideration or decision of the case.

17788—Peter Tomko v. the Standard Oil Co.; error to the court of appeals of Cuyahoga county. Petition in error dismissed by plaintiff in error.

---

#### MOTION DOCKET

17661—William L. Doepke et al. v. William H. Alms et al. Motion for an order directing the cour of appeals of Hamilton county to certify its record. Sustained.

17694—William L. Doepke et al. v. William H. Alms et al. Motion for an order directing the court of appeals of Hamilton county to certify its record. sustained.

17695—William L. Doepke et al. v. William H. Alms et al. Motion for an order directing the court of appeals of Hamilton county to certify its record. Sustained.

17696—William L. Doepke et al. v. William H. Alms. Motion for an order directing the court of appeals of Hamilton county to certify its record. Sustained.

17744—The State of Ohio et al. v. In re George Englehart, a minor by Frank Englehart, his father, et al. Motion for an order directing the court of appeals of Cuyahoga county to certify its record. Overruled.

(Continued on Page 203)

# STATE COURTS OF APPEALS
## Officers, Proceedings and Opinions
### Districts, Terms, Officers and Proceedings

# COURT of APPEALS of OHIO

## STATE ASSOCIATION

**PRESIDENT**—Clarence Washburn, Elyria

**SECRETARY**—Lewis B. Houck, Mt. Vernon

### DISTRICT ORGANIZATIONS

#### First District (Cincinnati)

Judges Confer at Headquarters—County Court House, Cincinnati.
Presiding Judge—Francis M. Hamilton.
Judges—Wade Cushing and Robert E. Buchwalter.
Stenographer—Jule Laughlin, Courthouse, Cincinnati.
Calendar of term times in the counties of First District for 1922:
Butler, at Hamilton, April 10, October 9.
Clermont, at Batavia, April 3, October 9.
Clinton, at Wilmington, April 27, October 26.
Hamilton, at Cincinnati, January 2, November 6.

#### Second District (Columbus)

Judges' Headquarters—County Court House, Columbus.
Presiding Judge—H. L. Ferneding.
Judges—Albert Kunkle, Springfield; J. I. Allread, Greenville.
Stenographer—
Calendar of term times in counties of Second District:
Champlain, at Urbana, April 5, October 25.
Clarke, at Springfield, April 24, November 20.
Darke, at Greenville, April 17, November 13.
Fayette, at Washington C. H., April 3, October 23.
Franklin, at Columbus, January 3, September 18.
Green, at Xenia, March 27, October 16.
Madison, at London, March 30, October 19.
Miami, at Troy, April 10, October 30.
Montgomery, at Dayton, May 1, November 27.

#### Third District (Lima)

Judges' Headquarters—Court House, Lima.
Presiding Judge—
Judges—E. N. Warden, Napoleon; Kent W. Hughes, Lima; Phil. M. Crow, Kenton.
Stenographer—
The Terms of Court in this District all commence January 2, and September 10, 1923.

Allen, at Lima.
Auglaize, at Wapakonetta.
Crawford, at Bucyrus.
Defiance, at Defiance.
Hancock, at Findlay.
Hardin, at Kenton.
Henry, at Napoleon.
Logan, at Bellefontaine.
Marion, at Marion.
Mercer, at Celina.
Paulding, at Paulding.
Putnam, at Ottawa.
Seneca, at Tiffin.
Union, at Marysville.
VanWert, at VanWert.
Wyandot, at Up. Sandusky.

#### Fourth District (Marietta)

Judges' Headquarters—Court House, Marietta.
Judges—Roscoe T. Mauck, Gallipolis; E. D. Sayre, Athens; Wm. H. Middleton, Waverly.
1923 Calendar of term times in Fourth District counties:
Adams, at West Union, May 8, October 30.
Athens, at Athens, February 1, October 4.
Brown, at Georgetown, May 9, October 31.
Galia, at Gallipolis, February 14, October 17.
Highland, at Hillsboro, April 19, December 6.
Hocking, at Logan, February 7, October 10.
Jackson, at Jackson, March 21, November 21.
Lawrence, at Ironton, March 6, October 23.
Meigs, at Pomeroy, February 13, October 16.
Pickaway, at Circleville, April 17, December 4.
Pike, at Waverly, March 20, November 20.
Ross, at Chillicothe, April 24, December 11.
Scioto, at Portsmouth, March 13, November 13.
Vinton, at McArthur, February 6, October 9.
Washington, at Marietta, January 30, October 2.

#### Fifth District (Mansfield)

Judges work at Court House, Mansfield.
Judges—Lewis B. Houck, Mt. Vernon; Robert S. Shields, Canton; Frank N. Patterson, Ashland.
Stenographer—
1923 Calendar of term times in Fifth District counties:
Ashland, at Ashland, March 19, October 29.
Coshocton, at Coshocton, May 7, December 10.
Delaware, at Delaware, April 24, November 27.
Fairfield, at Lancaster, February 27, September 18.
Holmes, at Millersburg, March 12, October 22.
Knox, at Mt. Vernon, March 5, October 15.
Licking, at Newark, February 13, October 9.
Morgan, at McConnellsville, April 17, November 20.
Morrow, at Mt. Gilead, May 1, December 4.
Muskingum, at Zanesville, April 3, November 13.
Perry, at New Lexington, March 27, November 7.
Richland, at Mansfield, January 2, September 10.
Stark, at Canton, January 16, September 25.
Tuscarawas, at New Philadelphia, May 15, December 18.

#### Sixth District (Toledo)

Judges' Headquarters at Court House, Toledo.
Judges—R. R. Kinkade, Toledo; Silas S. Richards, Clyde; Charles E. Chittenden, Toledo.
Secretary—E. H. Hauenstein.
1923 Calendar of term times in Sixth District counties:
Erie, at Sandusky, April 16, September 24.
Fulton, at Wauseon, April 12, October 25.
Huron, at Norwalk, April 23, October 1.
Lucas, at Toledo, January 2, October 29.
Ottawa, at Port Clinton, May 7, October 15.
Sandusky, at Fremont, April 30, October 8.
Williams, at Bryan, April 9, October 22.
Wood, at Bowling Green, January 2, October 29.

#### Seventh District (Youngstown)

Judges' Headquarters—Court House, Youngstown.
Presiding Judge—James W. Roberts, Jefferson.
Judges—Louis T. Farr, Lisbon; John Pollock, St. Clairsville.
Stenographer—
Calendar of term times in counties of Seventh District:
Ashtabula, at Ashtabula, January 30, September 5.
Carroll, at Carrollton, April 10, November 8.
Columbiana, at Lisbon, April 3, November 13.
Belmont, at St. Clairsville, May 8, December 11.
Geauga, at Chardon, February 7, September 12.
Guernsey, at Cambridge, April 17, November 20.
Harrison, at Cadiz, May 1, December 4.
Jefferson, at Steubenville, May 15, December 18.
Lake, at Painesville, February 6, September 12.
Mahoning, at Youngstown, February 27, October 2.
Monroe, at Woodsfield, April 25, November 28.
Noble, at Caldwell, April 24, November 27.
Portage, at Ravenna, February 20, September 25.
Trumbull, at Warren, February 13, September 18.

#### Eighth District (Cleveland)

Judges' Headquarters—County Court House, Cleveland, Main 3285.
Presiding Judge—John H. Sullivan.
Judges—Willis Vickery, Manuel Levine.
Stenographer—George J. Baumgartner, Toledo.
Calendar of term times in Eighth District:
Cuyahoga County, at Cleveland, September 11, April 3.

#### Ninth District (Akron)

Judges—William E. Pardee, Akron; Ross W. Funk, Wooster; C. G. Washburn, Elyria.
Stenographer—Metta Bruggeman.
1923 Calendar of term times in Ninth District counties:
Lorain, at Elyria, April 9, September 10.
Medina, at Medina, April 16, September 17.
Summit, at Akron, April 23, September 24.
Wayne, at Wooster, April 18, September 19.

### HELP CLIENTS SAVE TAXES

Montgomery on Income Tax, 1923, $10, is ready for delivery. He is the one writer who has done more to "make law" on income taxes than any other. Write W. Howard Haynes, 2080 E. 107th St., Cleveland.

# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 142
### BERT JENNINGS v. EVELYN M. JENNINGS

Ohio Court of Appeals, Cuyahoga County
No. 4101, Jan. 22, 1923
Sayre, P. J., Middleton and Mauck, JJ., 4th Dist. Setting
This Opinion is Not Published, Except in The Abstract

**DIVORCE AND ALIMONY—Jurisdiction to enter order—(1-4) Temporary alimony at any stage of cause.**

Error to Common Pleas Court

#### EPITOMIZED OPINION

MAUCH, J.:

Mrs. Jennings had instituted a suit for divorce, her husband having filed an answer and cross-petition. At the time of the filing of the petition, a motion for alimony pendente lite had been on file for considerable time; the case was heard upon its merits and the court decided that neither of the parties were entitled to relief, and so expressed themselves orally from the bench. After this, and before a journal entry had been made, Mrs. Jennings at once called this motion to the court's attention, and after hearing of the motion, the court allowed her the sum of $400 temporary alimony. A journal entry was then prepared in which the finding of the court, that neither party was entitled to the relief prayed proceeded the order for the payment of the alimony. Jennings contended that the court had lost jurisdiction to enter the order, requiring him to pay the alimony. Held:

1. The court can grant temporary alimony at any stage of the proceeding, either before or after judgment dismissing the case.

2. The plaintiff should not have been permitted to escape the payment of the alimony. She was entitled to counsel and to have reasonable allowance out of which to pay for their services.

3. Judgment of the court was effective, as from the date of the journal entry, not from the date of his verbal expression, as to what the order should be.

4. The fact that in the forepart of the journal entry the case was dismissed and in the latter part, in a separate paragraph, the order for temporary alimony is made, is immaterial and constitutes one entry.

Attorneys—Klein & Harris, for plaintiff in error; S. M. Young, for defendent in error.

### No. 143
### HENRY BUDDENBERG v. R. J. LISLE and THOS. KAVANAGH

Ohio Court of Appeals, Cuyahoga County
No. 4147, Jan. 22, 1923
This Opinion Has Been Published in The Abstract Only

**AUTOMOBILE—(1) Negligence in driving—(1) Blinding headlights; duty to stop—(2) Parking without lights.**

#### EPITOMIZED OPINION

MAUCK, J.:

Buddenberg was driving an automobile upon a public street after night. That coming, meeting him, was an automobile, whose headlights threw the light into his face, and blinding him so that he could not see the street ahead. He then turned toward the curb and proceeded along the side of the street near the curb, ran into an automobile owned by the defendant, Kavanagh, which was standing near the curb, on the wrong side of the street, and without lights. or any signal or warning of its location.

The defendant contended that Buddenberg was guilty of contributory negligence, which was the approximate cause of the accident; and that the facts set forth in the petition failed to show that the failure of the defendant in not having lights upon his car, was approximate cause of the accident. Held:

1. That where a driver of an automobile is blinded by a light, so that he cannot see, it is his duty to instantly stop his automobile until such condition is removed and that his failure to do so is such contributory negligence, as authorizes the court to so find, as a matter of the law and directs the verdict on this proposition.

The court cites the following cases:

Jaquith v. Worden, 73 Wash., 349, 48 L. R. A. (n. s.), 827.

Hammond v. Morrison, 100 ATL., 154.

Kilgore v. Birmingham Railway, L. & P. Company, 75 Southern, 996.

Berry on Automobiles, §376.

2. By the failure to allege facts, which show that the failure of the defendant to have lights upon his automobile parked at the curb, that the presence of lights would have avoided the injury, was the approximate cause of the collision, and the petition failed to state a cause of action.

Attorneys—Mooney, McCormack & Roth, for Buddenberg; Paul Howland, for Kavanaugh.

### No. 144
### E. H. GREEN v. C. H. MILLER

Ohio Court of Appeals, Cuyahoga County
No. 4153, Jan. 15, 1923
No Prior Publication of This Opinion Has Been Made

**SALE OF STOCK—(1)Rescission of contract—(2) Prompt Notice Necessary.**

#### EPITOMIZED OPINION

SAYRE, P. J.:

The plaintiff, Green, bought stock in a corporation from Miller, the president of the company, and later brought this action to rescind the sale of the stock, and hold Miller personally responsible, because the same had been obtained by fraud, by the use of a false financial statement. Green had entered into the employment of the corporation and had been so employed for more than a year, prior to the time when he asked to have his money returned, on the grounds of fraud. During the year that he was employed. he had full opportunity to become acquainted with the financial condition of the company. Held:

That if he would rescind the contract, he must offer to do so promptly on discovery of the facts that will justify a rescition, and while he is able himself, or by the judgment of the court to place the opposite party in statu quo, and the plaintiff not having done so, is not entitled to relief.

Attorneys—P. L. Carr, Mt. Vernon, for Green; Scott and Bissell, for Miller.

## Weekly Advance Abstract Opinions
## CURRENT OHIO COURT of APPEALS CASES

No. 145
### AUGUST W. TANK v. JANUARY COUSINO
Ohio Court of Appeals, Lucas County
No. 1261, Jan. 15, 1923
This Opinion Has Received No Prior Publication
Error to Lucas Common Pleas

EPITOMIZED OPINION

CHITTENDEN, J.:

Tank had purchased from Cousino certain muskrat skins, as the agent for Silberman & Sons, a fur house in Chicago. Prior to the purchase involved in controversy in this suit, he had also sold a former lot of furs to Tank. The money in this instance was to be deposited in a Toledo bank. Tank claimed that Cousino sold and represented that the furs were all northern muskrats, when on final inspection in Chicago, it appeared as was claimed that a great part of them were southern caught muskrats. The court charger the jury, among other things: "Upon the other hand, if Tank was the agent of Silberman & Sons, but did not disclose that fact to Cousino, or Cousino did not know of the fact; then Tank is personally liable on the purchase price thereof, and the burden of proof of claim made by the defendant in his answer is on the defendant. The defendant must prove by preponderence of evidence the material allegations in his answer." Held:

1. That both of the foregoing instructions were erroneous because the burden was upon the plaintiff to prove his cause of action by preponderence.

2. That the court failed to give any effect to the law of warranty, the burden was upon Tank to prove that he was acting only as an agent, but the burden was upon Cousino to prove that the goods were sold to Tank as an individual and not as an agent.

3. That Tank was not required to make a thorough inspection; and had a right to rely upon the warranty and representation that the muskrats were northern grown, as he was not required to make a close inspection, as if there was no warranty. Judgment reversed.

Attorneys—Tyler, Forthup & McMahon, for plaintiff in error; Marshall & Fraser, for defendant in error.

No. 146
### AMERICAN ENGINEERING v. INTERNATIONAL STEEL CO.

Ohio Court of Appeals, Lucas County
No. 1275, Jan. 29, 1923
This Opinion Has Been Published in
The Abstract Only

DAMAGES—(1) Not limited to loss of profit in breach of contract.
Error to Court of Common Pleas

RICHARDS, J.:

The Steel Co. had a written contract with the Engineering Co. by the terms of which the Steel Co. was to manufacture certain structural steel in accordance with specifications for the price of $11.486. The Steel Co. proceeded to, fabricate over 64,000 pounds of steel, cutting some of it into pieces which were of little value unless used by the Engineering Co. Expensive drawings were also made which were of no value unless the contract was carried out. The evidence shows that the Steel Co. would have made a profit of $831 if the contract had been completed. Damages were given the Steel Co. in the lower court for $5361, which amount is claimed by the Engineering Co. to be excessive. Held:

1. Damages for breach of contract are not confined to the loss of profit which the seller expected to make, but may include the loss and necessary expense incurred in the partial performance of the contract.

Attorneys—Wm. F. Miller and John S. Pratt, for the Engineering Co.; Lewis B. Hall and W. B. Devlin, for the Steel Co.

No. 147
### COLUMBIA CHEMICAL CO. v. EMMONS
Ohio Court of Appeals, Summit County
No. 655, Dec. 20, 1922

This Opinion Has Not Been Published Elsewhere

WORKMEN'S COMPENSATION—(1) General statutes of limitations not applicable to Workmen's Compensation Law—(2) Question as to accident or occupational disease to be determined by jury.

EPITOMIZED OPINION

Error to Court of Common Pleas

PARDEE, J.:

John Emmons, an employe of the chemical company, while engaged in his employment, became unconscious and later died. Jennie Emmons, his widow, claimed compensation under the workmen's compensation law but the application was refused. March 18, 1920, Jennie Emmons filed an appeal and March 29, 1920, brought suit against the chemical company. Later, in an amended petition, the Ohio Industrial Commission was made joint defendant. The court dismissed the amended petition but the appeal was not dismissed. A new petition, filed April 23, 1921, made the chemical company and the Industrial Commission joint defendants and in trial of the case judgment was rendered against the chemical company.

The chemical company claims that since more than 30 days elapsed between the filing of the appeal and the filing of the petition on April 23, 1921, the court erred in not sustaining an demurrer to the petition. The chemical company also claims that the cause of Emmon's death was not an accident within the meaning of the workmen's compensation act but an occupational disease, that is, the continued inhalation of noxious vapors. Held:

1. Since proceedings under the workmen's compensation law are not considered civil actions, the general statutes of limitations do not apply. The court may for good cause extend the 30-day period for filing a petition.

2. The question of whether an employe's death was caused by accident or occupational disease is to be determined by the jury from the evidence.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, and A. M. Van Duzer, for Chemical Company; Payer, Winch, Minshell & March, M. C. Harrison, C. N. Krieg, and S. C. Miller, for Emmons.

## No. 148
### SIDDALL v. McNARY et al
Ohio Court of Appeals, Lucas County
No. 1238, Jan. 29, 1923
This Opinion Has Been Publbished in
The Abstract Only
Appeal from Court of Common Pleas

**CREDITORS—(1) Creditors of a decedent must recover through administration proceedings.**

### EPITOMIZED OPINION
CHITTENDEN, J.:

Jesse Siddall and Amanda Siddall owned certain property jointly and Amanda Siddall upon her death devised her half of it, to Jesse Siddall for his life and at his death to her sons, McNary and McEnerney. Jesse Siddall brought action to partition the estate, setting off his interest in severalty. The sons in a cross-petition claim that they are creditors of Amanda Siddall and that the conveyance to Siddall by devise was made for the purpose of defrauding them. Held:

1. All wills provide for the payment of just debts and even if they did not so provide, payment would be made in administration proceedings. Creditors of a decedent are entitled to no relief by other methods.

Attoyners—John A. Price, for Siddall; M. C. McEnerney, for McNary.

## No. 149
### CLEVELAND RAILWAY CO. v. ARTER
Ohio Court of Appeals, Cuyahoga County
No. 4062, Jan. 29, 1923
This Opinion Has Not Been Published Elsewhere

**PERSONAL INJURY—(1) Railway Company must provide safe means for passengers to alight—(2) Court may deviate from technical language in charge to jury—(3) Failure of counsel to reduce requests to writing amounts to waiver of rights—(4) Determination of damages a function of the jury.**

### EPITOMIZED OPINION
Error to Cuyahoga Court of Common Pleas
LEVINE, J.:

Arter was a passenger on the railway company's car and while the car was moving on Detroit avenue from W. 89th street to W. 84th street in Cleveland the center doors of the car being open, Arter was removed from the car and fell to the pavement, sustaining injuries. Arter claims that he was thrown from the car, but the railway company claims that Arter wilfully jumped from it. Held:

1. Although allowing the doors of a car in motion to remain open while being operated between stopping places is not of itself negligence, the railway company must provide its passengers with a safe means of alighting.

2. Failure to use language technically correct from a legal standpoint is not error, if the jury could not mistake its meaning.

3. When counsel is requested by the court to reduce to writing his requests to charge jury, it is his duty to comply, and his failure to do so may be considered as a waiver of his rights to request a charge at a later time. A client is bound by the acts of his attorney in this respect, as much as if he had expressly made it by word of mouth. In commenting upon this holding the court said:

"It is conceded that it is incumbant upon a trial court to grant all proper requests made by either counsel. Does counsel owe any duty to the court? In theory, at least, attorneys are deemed officers of the court. Is it an idle phrase, or a mere fiction? A lawsuit, for a long time, has been looked upon as a game to be won or lost by a particular move. In consequence, many pitfalls, loopholes, land even traps, have caused conscientious judges, presiding in lawsuits to fall into grave and serious error. If counsel, with full knowledge of the law, deliberately or indifferently permits the court, to fall into error, can it be said he is performing his full duty toward the court? Substantial justice is, or should be, the aim of every trial. The judge and jury, as well as the counsel on both sides, must work to that end."

4. When reasonable minds might differ as to the amount of damages ,the determination of such damages is a proper function of the jury.

Attorneys—Squire, Sanders & Dempsey, for Railway Co.; Day, Day & Wilkin, for Arter.

## No. 150
### EMPIRE PLOW CO. v. FISHEL & MARKS CO.
Ohio Court of Appeals, Cuyahoga County
No. 4123, Jan. 22, 1923
Exclusive Publication of This Opinion Can Be
Found in The Abstract

**WARRANTY—Measure of damages for breach of (1) Effect of General Verdict—(2) Erroneous instruction as to one issue.**

Court of Common Please

### EPITOMIZED OPINION
SAYRE, P. J.:

This was an action to recover damages for breach of warranty of 250 bars of steel angles, and six causes of action were set forth in the petition. The evidence, over objection, showed that the plaintiff had sold the steel angle bars for $2.75 per cwt. which was a higher price than for which they had been bought by it. The court charged the jury that the measure of damages is the difference between the contract price and the price of the material that the contract called for, at the time of the delivery and if there was no time of delivery then within a reasonable time from the time of the contract. The jury found there was no warranty, and no damages. The charge and the admission of evidence as to the sale of the angles at a profit were the errors complained of, and they do not deal with the issue as to whether there was a warranty but relate to the question of damages. The appellate court held that, assuming that the evidence was inadmissible, its admission did not constitute prejudice error because:

1. Where a number of distinct issues are submitted to a jury, arising upon distinct causes of action and defenses, and the verdict of the jury is general, the erroneous admission of evidence of one of these issues does not of itself render the judgment, entered upon the verdict erroneous, citing 54 OS. 64.

2. Assuming that the charge objected to was erroneous, it was not reversible error because:

Where two issues are presented by the pleadings an errroueous instruction to the jury on one issue, where the verdict is general, will not require the court to reverse the judgment enterd on the verdict for error i nthe instructions relating exclusively to one of the issues, 60 OS. 69.

Attorneys—Mooney, Hahn, Loeser & Keough, for plaintiff in error; Klein & Harris and T. S. Dunlap, for defendant in error.

# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT OF APPEALS CASES

### No. 151
### SHEDD CREAMERY CO. v. LOUIS M. DORF
Ohio Court of Appeals, Lucas County
No. 1255, Jan. 15, 1923
This Opinion Has Received No Other Publication
**JUDGMENTS—Rule as to reversal where evidence is conflicting.**
Error to Court of Common Pleas
EPITOMIZED OPINION

KINKADE, J.:

An action was brought by Dorf for damages for breach of personal service contract. On the trial of the cause the evidence was conflicting as to whether or not the creamery company, his employer, was justified in discharging Dorf.. The jury found for Dorf. The creamery company endeavored to get the judgment reversed on the grounds that the judgment was against manifest weight of evidence. Held:

1. That where the evidence is conflicting and even though the court might arrive at a different conclusion from that which the jury arrived at, that if there is sufficient evidence that reasonable minds would differ as to the finding of fact, the court cannot reverse.

**Attorneys**—Denman, Kirkbride, Wilson & McCabe, for plaintiff in error; Otto L. Hanflinson, for defendant in error.

### No. 152
### L. B. CLARK v. S. S. SALBERG
Ohio Court of Appeals, Cuyahoga County
No. 4114, Jan. 15, 1923
This Opinion Has Been Published in
The Abstract Only
**CONFIDENTIAL RELATION**
Error from Cleveland MunICpal Court
EPITOMIZED OPINION

PER CURIAM:

This case involves the right of the plaintff to recover compensation for negotiating a lease between the lessor and lessee. On the trial testimony developed the fact that the plaintiff was acting as the agent of both the lessor and lessee, the fact that he was acting as agent for the lessee not having been disclosed to the lessor.

Held:

He could not recover, if he were acting for both parties without making full disclosure of the same.

**Attorneys**—D. M. Balder, for Clark; F. C. Printy, for Salberg.

### No. 153
### MARQUARD v. MOORE
Ohio Court of Appeals, Cuyahoga County
No. 4079, Jan. 22, 1923
**PERSONAL INJURY—Obstruction of vision as proximate cause of—Violation of ordinance giving rise to action for.**
Error to Common Pleas Court
EPITOMIZED OPINION

VICKERY, J.:

Evelyn Marquard, while crossing a street in Cleveland, was struck by an automobile, through no fault of the driver, and injured. Moore is the owner of an ice wagon which, in violation of two city ordinances, was parked on the wrong side of the street and nearer than 15 feet to the street intersection. Marquard, immediately after passing around the ice wagon, which, it is claimed, obstructed her view of the street, was struck by the machine.
Held:

1. The obstruction of one's sight cannot be said to be the proximate cause of an accident occurring after the person has passed around the obstruction.

2. Violation of city ordinances or of statutes, give rise to actions only in favor of parties for whose benefit the ordinance was enacted.

**Attorneys**—Howell, Roberts and Duncan, for Marquard; I. Grohs and C. F. Schuler, for Moore.

### OHIO STATE BAR ANNUAL MEETING

Annual meeting of the Ohio State Bar Association will be held at Cedar Point, July 10, 11 and 12, 1923. At this meeting it is expected that the Association will take a definite stand on what it considers the best method of selecting judges. This question is being studied by the Committee on Judicial Administration and Legal Reform. They are making a research of the present methods of selecting judges in other states and are also making a complete survey of changes which have been proposed by a number of states that are not satisfied with their present method of selecting judges. County bar associations have also been requested to have committees investigate this matter.

President George B. Harris and the Executive Committee are now laying their plans for the summer meeting and would welcome suggestions as to desirable speakers and also suggestions for special topics to be considered by the Association at the forthcoming meeting.

# THE OHIO SUPREME COURT

## Continued from Page 197

him this is extinguished where purchaser makes lease to the vendor to the satisfaction of the vendor's claim.

8. Without jurisdiction of a person, the court can only decree rescission of a contract to the extent that the title to the property involves the same.

Attorneys—Geo. E. Brand and U. S. Bratton of Detroit, Mich., and Harold W. Fraser, Toledo, for petitioners and appellants; Geo. D. Welles, Toledo (Tracy, Chapman & Welles, on brief), for respondent and appellee.